INVESTORS DIVERSIFIED SERVICES, INC.

v.

Wendell B. BARNES, As Administrator of Small Business Administration, An Agency of The United States of America.

Civ. A. 53-949.

United States District Court
D. Massachusetts.

June 16, 1958.

W. Arthur Garrity, Jr., Boston, Mass., for plaintiff.

A. B. Casson, Boston, Mass., for defendant.

FORD, District Judge.

This court has previously denied plaintiff's motion for summary judgment, Investors Diversified Services, Inc., v. Reconstruction Finance Corporation, D. C., 144 F.Supp. 497, and its renewed mo-

tion for summary judgment, Investors Diversified Services, Inc., v. Reconstruction Finance Corporation, D.C., 153 F. Supp. 595. On the second occasion defendant's motion for summary judgment insofar as it referred to defendant's counterclaim was also denied. The present defendant (by substitution for the original defendant Reconstruction Finance Corporation) now renews its motion for summary judgment for defendant on the plaintiff's claim. Defendant has stipulated that if its present motion is allowed, it will waive its counterclaim.

There appears to be no dispute as to any issue of material fact. The relevant facts all appear to be included in the various documents in evidence or in admission of fact made by the defendant. Plaintiff at the hearings on its motion for summary judgment has fully argued a number of legal theories under which it contended that on the facts it was entitled to recover a greater share of the proceeds of the loan transaction involved than it actually did receive. These arguments have all been rejected by this court in its two opinions denying plaintiff's motion.

Plaintiff has in connection with the present motion obtained further admissions of fact from defendant, chiefly admitting the genuineness of documents including correspondence and rules and regulations of the Reconstruction Finance Corporation. Nothing in these makes any significant addition to the picture already presented. Incidental references to plaintiff's interest in this transaction, not purporting to define its exact nature, cannot effect any change in that interest as it has been defined in the contract between the parties. Likewise, the rights of the parties having been defined by that contract, it makes no difference that under the rules and regulations cited by plaintiff different forms might have been used, or a contract in different terms entered into.

Plaintiff urges that there are several disputed questions of fact as to which evidence should be taken. However, in the light of what has already been de-cided by this court, none of these disputed facts appears to be material. The essential point is that this court has, as set forth in its two previous opinions on plaintiff's motion for summary judgment, after consideration of every theory advanced by plaintiff, concluded that upon a proper interpretation of the contract between the parties plaintiff has received at least all that it was entitled to receive out of the proceeds of the liquidation of this loan transaction. Consequently no reason appears why summary judgment should not be entered for defendant on plaintiff's claim.

Defendant's motion for summary judgment on plaintiff's claim is allowed.